KRUG *v.* KRUG.

SPECIFIC PERFORMANCE—OIL AND GAS RIGHTS—ORAL CONTRACT—EVIDENCE—FRAUD.

> In suit by plaintiff against his brothers, to whom he conveyed a 240-acre farm by warranty deed subject to a mortgage he had given and from whom he had received a quitclaim deed, conveying coal, oil, gas, brick, clay and mineral rights, for specific performance of an alleged oral agreement to protect his oil and gas rights, evidence *held,* insufficient to prove fraud upon part of either defendant or the existence of such a contract so as to warrant specific performance thereof, although it is shown defendants, without giving notice to plaintiff, permitted mortgage to be foreclosed and period of redemption to expire and then repurchased the property from the mortgagee free from plaintiff's rights,

Appeal from Ogemaw; Shaffer (John C.), J. Submitted October 5, 1938. (Docket No. 26, Calendar No. 40,058.) Decided November 10, 1938.

Bill by William Krug against Fred Krug, George Krug and Joseph Molloy to obtain specific performance of an alleged oral contract to protect oil and gas rights in certain property. Bill dismissed. Plaintiff appeals. Affirmed.

*John McIntosh,* for plaintiff.

*Earl R. Chapin,* for defendants.

WIEST, C. J. Plaintiff appeals from a decree dismissing his bill for specific performance of an alleged verbal contract, under which he claims defendants

Fred and George Krug, his brothers, agreed to protect his oil and gas rights in certain property.

In 1921, plaintiff was owner of a 240-acre farm in the county of Ogemaw, upon which there was a mortgage he had given, amounting to $2,100, and some accrued interest. On November 8, 1921, he conveyed the farm, by warranty deed, subject to the mortgage, to his brothers Fred and George and they in turn, on the next day, executed and delivered a quitclaim deed to plaintiff, conveying ''all the coal, oil, gas, brick and clay and minerals lying or being on the lands and premises.''

In October, 1928, the mortgage on the farm was foreclosed and at the sale the property was bid in by the mortgagee. After expiration of the period of redemption, title to the property was obtained by a resident of Detroit and Fred and George Krug obtained from such person a land contract. Later Fred and George obtained a deed to the farm and gave a mortgage in order to obtain the money to pay the vendor.

The deeds between the brothers do not contain any agreement on the part of defendants to protect plaintiff's rights under the quitclaim deed of the oils and minerals. Plaintiff claims there was such a verbal agreement with his brothers, under which they should have protected his interests under the mortgage foreclosure, but instead of doing so they gave him no notice of the foreclosure and, he charges, they planned to let the mortgage be foreclosed so they could buy the property freed from plaintiff's oil and mineral rights.

The evidence wholly fails to sustain the allegation of such agreement and of the charged purpose on the part of defendants. The mortgage which was foreclosed and thereby cut off the rights of plaintiff

under the quitclaim deed was given by plaintiff, and Fred and George were unable to meet payments upon the mortgage and, therefore, it was foreclosed.

The circuit judge found there was no contract between the parties which might be the subject of specific performance; there was no duty, contract or otherwise, upon defendants, or any of them, to notify plaintiff of the commencement of the foreclosure proceedings; the mortgage foreclosed was placed upon the premises by plaintiff himself, and there was no fraud shown or proved against the defendants, or either of them, and dismissed the bill.

The decree is affirmed, with costs to defendants.

BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., did not sit.